Jon B. Fougner (State Bar No. 314097)
Email: Jon@FougnerLaw.com
600 California Street, 11th Fl.
San Francisco, CA 94108
Telephone: (434) 623-2843
Facsimile: (206) 338-0783

*Attorney for the Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| FRED HEIDARPOUR and ABANTE ROOTER AND PLUMBING INC, | NO. |
| Plaintiffs, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| EMPIRE CAPITAL FUNDING GROUP INC., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiffs Fred Heidarpour and Abante Rooter and Plumbing Inc ("Abante Rooter"), by

their undersigned counsel, for this complaint against Defendant Empire Capital Funding Group

Inc. and its present, former and future direct and indirect parent companies, subsidiaries,

affiliates and agents ("Empire Capital"), allege as follows:

## I.    INTRODUCTION

1.    <u>Nature of Action</u>.  Something is rotten in the Empire State, to wit: Empire Capital has

been bombarding Mr. Heidarpour and Abante Rooter, without their consent, with autodialed and

prerecorded calls ("robocalls"). Mr. Heidarpour begged Empire Capital to stop this illegal

telemarketing; since then, Defendant has robocalled Plaintiffs dozens more times. Mr. Heidarpour and his business bring this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in hopes that an injunction and damages will encourage Empire Capital to change its ways.

## II.   PARTIES

2.   Plaintiff Fred Heidarpour is citizen of Arizona who conducts business in California, in this District.

3.   Plaintiff Abante Rooter is a corporation organized under the laws of the State of California with its principal place of business at 4 Admiral Drive, 339, Emeryville, California 94608, in this District.

4.   Defendant Empire Capital is a corporation organized under the laws of the State of New York with its principal place of business at 95 West Broadway, Suite 211, New York, New York 10007. Empire Capital does business in this District and throughout the United States.

## III.   JURISDICTION AND VENUE

5.   <u>Jurisdiction</u>.  This Court has federal-question subject matter jurisdiction over the Plaintiffs' TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over the Plaintiffs' claim arising under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, because that claim:

    a.   arises from the same nucleus of operative fact, i.e., Defendant's telemarketing robocalls to Plaintiffs;

    b.   adds little complexity to the case; and

    c.   doesn't seek money damages, so it's unlikely to predominate over the TCPA claims.

6. <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over Empire Capital because a substantial part of the wrongful acts alleged in this Complaint were committed in California. For example, Empire Capital made illegal telemarketing robocalls to:

a. Mr. Heidarpour, while he was in California; and

b. Abante Rooter, which is a citizen of California, at its phone numbers bearing California area codes.

7. <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims occurred in this District and because Defendant resides in, i.e., is subject to personal jurisdiction in, this District.

8. <u>Intradistrict Assignment</u>. Assignment to this Division is proper pursuant to Civil L.R. 3-2(c) because a substantial part of the events that give rise to the claims—the illegal telemarketing robocalls—occurred in counties embraced by this Division.

## IV.    THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding telemarketing.

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

11. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

12. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

13. The TCPA makes it unlawful to make telemarketing solicitations to telephone numbers on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

14. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c). 47 U.S.C. § 227(c)(5).

15. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

16. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

17. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines.  In particular:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted).

18. FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

19. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either

section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

## V.   FACTUAL ALLEGATIONS

### A.   Empire Capital

20. Empire Capital brokers loans from alternative lenders to small businesses. *About Us*, Empire Capital, https://www.empirecapitalfg.com/about-us/ (last visited Jan. 4, 2018).

21. One of Empire Capital's strategies for marketing its services is placing telemarketing robocalls to those who have not consented to receive such solicitations, including Plaintiffs.

22. On information and belief, Empire Capital uses equipment that has the capacity to store or produce random or sequential telephone numbers to be called and that includes autodialers and predictive dialers (each an "automatic telephone dialing system" or "ATDS").

### B.   Plaintiffs

23. Plaintiff Fred Heidarpour is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

24. Plaintiff Abante Rooter is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

### C.    (480) 595-XXXX

25. A phone number beginning (480) 595 ("(480) 595-XXXX") is registered to Mr. Heidarpour.

26. (480) 595-XXXX is on the National Do Not Call Registry.

27. (480) 595-XXXX is registered to a residential telephone service.

28. Mr. Heidarpour answers calls made to (480) 595-XXXX.

29. Mr. Heidarpour pays the phone bills for (480) 595-XXXX.

### D.   (209) 383-XXXX

30. Abante Rooter serves customers in California's Central Valley. A phone number beginning (209) 383 ("(209) 383-XXXX") is registered to Abante Rooter.

31. (209) 383-XXXX is registered to a cellular telephone service.

32. Mr. Heidarpour answers calls made to (209) 383-XXXX.

33. Abante Rooter pays the phone bills for (209) 383-XXXX.

**E.**     **(925) 253-XXXX**

34. Abante Rooter serves customers in California's Alameda and Contra Costa Counties. A phone number beginning (925) 253 ("(925) 253-XXXX") is registered to Abante Rooter.

35. (925) 253-XXXX is on the National Do Not Call Registry.

36. (925) 253-XXXX is registered to a cellular telephone service.

37. Mr. Heidarpour answers calls made to (925) 253-XXXX.

38. Abante Rooter pays the phone bills for (925) 253-XXXX.

**F.**     **Empire Capital's Illegal Telemarketing Robocalls to Plaintiffs**

39. On November 11, 2015, a call to (480) 595-XXXX, which Mr. Heidarpour forwards to his cellular telephone while traveling, caused his cell phone to ring. Mr. Heidarpour picked up. The person on the other end wasn't anyone Mr. Heidarpour knew. In fact, it wasn't a person at all; it was a prerecorded voice. The voice advertised small business loans from Empire Capital. Plaintiffs had never heard of Empire Capital and had not given it permission to call them, let alone with a telemarketing robocall. Mr. Heidarpour was surprised and frustrated to be interrupted by a prerecorded solicitation to a phone number that had long been on the National Do No Call Registry.

40. A week later, on November 18, 2015, a call to (480) 595-XXXX caused Mr. Heidarpour's cell phone to ring again. Again it was a prerecorded voice, again advertising small business loans, again from Empire Capital.

41. It didn't stop there. ***Empire Capital placed at least 43 telemarketing robocalls to Mr. Heidarpour and Abante Rooter*** at the phone numbers listed above.

42. Most of these robocalls used a prerecorded or artificial voice, while the rest were marked by an unnatural click or pause at the beginning—signaling to Mr. Heidarpour that the call was placed by an ATDS rather than manually dialed by a person.

43. More than a dozen of Empire Capital's telemarketing robocalls were made to Mr. Heidarpour while he was in California, in this District.

44. More than a dozen of Empire Capital's telemarketing robocalls were made to Mr. Heidarpour after Empire Capital knew of his affiliation with Abante Rooter, which is publicly known to be a California business in this District.

45. Mr. Heidarpour repeatedly asked Empire Capital to stop calling.

46. Due to the massive volume of robocalls made by Defendant to them, Plaintiffs' investigation into the calls and their illegal features (e.g., prerecorded voices and placement by an ATDS, as manifested by beginning with an unnatural click or pause) is ongoing. Based on what is known to Plaintiffs so far, the following table summarizes some of the non-emergency telemarketing robocalls placed by Empire Capital to Plaintiffs:[1]

| Date | Prerecorded Voice? | Unnatural click or pause? | Caller ID | Called Number | Prior DNC Requests to Empire Capital? | On National DNC Registry? |
|---|---|---|---|---|---|---|
| November 11, 2015 | Yes | | (347) 642-7005 | (480) 595-XXXX | | Yes |
| November 18, 2015 | Yes | | (516) 855-4842 | (480) 595-XXXX | Yes | Yes |
| August 1, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| August 1, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| August 1, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| August 1, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| August 1, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| August 3, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| August 4, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |

[1] For the convenience of the parties and the Court, this information is presented in a table rather than by using a separately numbered paragraph for the fact in each cell—hundreds in total. For the same reason, Plaintiffs propose that Defendant's responsive pleading make its admissions and denials in tabular format.

| Date | Prerecorded Voice? | Unnatural click or pause? | Caller ID | Called Number | Prior DNC Requests to Empire Capital? | On National DNC Registry? |
|---|---|---|---|---|---|---|
| August 4, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| August 5, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| August 5, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| August 8, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| August 8, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| August 8, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| August 9, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| August 9, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| August 9, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| August 10, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| August 11, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| August 17, 2016 | | Yes | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| August 19, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| August 29, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| August 29, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| August 31, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| September 6, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| September 6, 2016 | Yes | | (646) 781-3678 | (480) 595-XXXX | Yes | Yes |
| September 12, 2016 | Yes | | (646) 681-3678 | (480) 595-XXXX | Yes | Yes |
| September 12, 2016 | Yes | | (646) 681-3678 | (480) 595-XXXX | Yes | Yes |
| September 29, 2016 | Yes | | (646) 681-3678 | (480) 595-XXXX | Yes | Yes |

| Date | Prerecorded Voice? | Unnatural click or pause? | Caller ID | Called Number | Prior DNC Requests to Empire Capital? | On National DNC Registry? |
|---|---|---|---|---|---|---|
| September 29, 2016 | Yes | | (646) 681-3678 | (480) 595-XXXX | Yes | Yes |
| October 26, 2016 | | Yes | (347) 478-5845 | (480) 595-XXXX | Yes | Yes |
| November 8, 2016 | | Yes | (347) 478-5845 | (480) 595-XXXX | Yes | Yes |
| November 8, 2016 | | Yes | (347) 478-5845 | (480) 595-XXXX | Yes | Yes |
| November 9, 2016 | | Yes | (347) 478-5845 | (480) 595-XXXX | Yes | Yes |
| November 10, 2016 | | Yes | (347) 478-5845 | (480) 595-XXXX | Yes | Yes |
| November 10, 2016 | | Yes | (347) 478-5845 | (480) 595-XXXX | Yes | Yes |
| February 14, 2017 | | Yes | (347) 342-0307 | (480) 595-XXXX | Yes | Yes |
| February 16, 2017 | | Yes | (347) 342-0307 | (480) 595-XXXX | Yes | Yes |
| February 22, 2017 | | Yes | (347) 342-0307 | (480) 595-XXXX | Yes | Yes |
| February 22, 2017 | | Yes | (347) 342-0307 | (209) 383-XXXX | Yes | |
| February 23, 2017 | | Yes | (347) 342-0307 | (925) 253-XXXX | Yes | Yes |
| March 7, 2017 | | Yes | (347) 342-0307 | (480) 595-XXXX | Yes | Yes |

## VI.     FIRST CLAIM FOR RELIEF
### (Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))

47. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

48. The foregoing acts and omissions of Empire Capital and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to the cellular telephone numbers of Plaintiffs without prior express written consent.

49. Plaintiffs are entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

50. Plaintiffs are entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

51. Plaintiffs also seek a permanent injunction prohibiting Empire Capital and its affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without prior express written consent of the called party.

**VII.    SECOND CLAIM FOR RELIEF**
**(Non-Emergency Robocalls to Residential Telephones, 47 U.S.C. § 227(b)(1)(B))**

52. Mr. Heidarpour realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

53. The foregoing acts and omissions of Empire Capital and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(B), by making non-emergency prerecorded telemarketing calls to the residential telephone number of Mr. Heidarpour without prior express written consent.

54. Mr. Heidarpour is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

55. Mr. Heidarpour is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

56. Mr. Heidarpour also seeks a permanent injunction prohibiting Empire Capital and its affiliates and agents from making non-emergency prerecorded telemarketing calls to residential telephone numbers without prior express written consent of the called party.

**VIII.    THIRD CLAIM FOR RELIEF**
**(Telemarketing Solicitations to National Do Not Call Registrants, 47 U.S.C. § 227(c))**

57. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

58. The foregoing acts and omissions of Empire Capital and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

59. Plaintiffs are entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

60. Plaintiffs are entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

61. Plaintiffs also seek a permanent injunction prohibiting Empire Capital and its affiliates and agents from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

### IX.     FOURTH CLAIM FOR RELIEF
### (Unfair Competition, Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

62. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

63. Empire Capital's TCPA violations targeted consumers and businesses in the State of California, including Plaintiffs, in violation of the "unlawful" prong of the UCL. *O'Connor v. Lyft, Inc.*, No. 16-cv-00351-JSW, 2016 U.S. Dist. LEXIS 153705, at *14 – 15 (N.D. Cal. Apr. 14, 2016).

64. Additionally, Empire Capital's misconduct violated the "unfair" prong of the UCL. It was unfair for Mr. Heidarpour's private life and business affairs to be interrupted by prerecorded telemarketing calls dozens of times, like a nightmare from which he could not awake. It was unfair that these robocalls kept pouring in even after Mr. Heidarpour's objections to them. It was unfair that Defendant's conduct distracted Plaintiffs from serving their customers: California consumers. It was unfair that Plaintiffs had to endure these nuisances despite having gone to the trouble of registering their numbers with the National Do Not Call Registry precisely to avoid such invasions of their privacy. Given that the unfair prong of the UCL "is intentionally broad,

thus allowing courts maximum discretion," *State Farm Fire & Casualty Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1103 (2d Dist. 1996), Empire Capital's harassment would have violated the UCL even in the absence of the TCPA.

65. Plaintiffs seek a permanent injunction prohibiting Empire Capital and its affiliates and agents from continuing to violate the UCL by making unsolicited telemarketing robocalls to consumers and businesses in the State of California.

## X.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Empire Capital as follows:

A.   Leave to amend this Complaint to conform to the evidence presented at trial;

B.   A declaration that actions complained of herein by Empire Capital violate the TCPA and the UCL;

C.   An order enjoining Empire Capital and its affiliates and agents from engaging in the unlawful conduct set forth herein;

D.   An award to Mr. Heidarpour of $106,500 in statutory damages arising from Defendant's TCPA violations shown in the preliminary table above;

E.   An award to Abante Rooter of $4,500 in statutory damages arising from Defendant's TCPA violations shown in the preliminary table above;

F.   An award to Plaintiffs of damages, as allowed by law under the TCPA, and not limited to the calls listed in the preliminary table above;

G.   An award to Plaintiffs of interest, costs and attorneys' fees, as allowed by law, equity and/or California Code of Civil Procedure § 1021.5; and

H.   Such further relief as the Court deems necessary, just, and proper.

## XI.   DEMAND FOR JURY

Plaintiffs demand a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 11th day of January, 2018.


By:     /s/ Jon B. Fougner

Jon B. Fougner (State Bar No. 314097)
Email: Jon@FougnerLaw.com
600 California Street, 11th Fl.
San Francisco, CA 94108
Telephone: (434) 623-2843
Facsimile: (206) 338-0783

*Attorney for the Plaintiffs*