UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRED HEIDARPOUR, ET AL.,**<br>Plaintiffs,<br>vs.<br>**EMPIRE CAPITAL FUNDING GROUP INC.,**<br>Defendant. | CASE NO. 18-cv-00250-YGR<br>**ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION; DENYING MOTION FOR DEFAULT JUDGMENT; AND REFERRING TO MAGISTRATE JUDGE FOR REPORT AND RECOMMENDATION ON ANY RENEWED MOTION FOR DEFAULT JUDGMENT**<br>Re: Dkt. Nos. 16, 19 |

The Court has reviewed the Report and Recommendation (Dkt. No. 19, "Report") issued June 21, 2018, by Magistrate Judge Kandis A. Westmore on the Motion of Plaintiffs Fred Heidarpour and Abante Rooter and Plumbing Inc. for Default Judgment (Dkt. No. 16). No party has filed an objection to the Report.

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. "The district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). Upon entry of default, the court must take the well-pleaded factual allegations of a complaint as true. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Id*. Moreover, pursuant to Federal Rule of Civil Procedure 55(b)(2), the court has the discretion to require a hearing in order to "establish the truth of any allegation by evidence; or investigate any other matter." Fed. R. Civ. P. 55(b)(2)(C), (D).

Plaintiffs have offered an inadequate showing in their motion papers to support entry of a default judgment based upon the allegations of the complaint, particularly given the amount of damages sought herein. "When the amount at stake is substantial or unreasonable in light of the allegations in the complaint, default judgment is disfavored." *Freligh v. Roc Asset Sols., LLC*, No.

16-CV-00653-MEJ, 2016 WL 3748723, at *6 (N.D. Cal. June 8, 2016), *report and recommendation adopted,* No. 16-CV-00653-YGR, 2016 WL 3747616 (N.D. Cal. July 11, 2016) (*citing Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)).

Here, plaintiffs seek $111,000.00 in statutory damages under the Telephone Consumer Protection Act ("TCPA"), alleging violations of section 227(b)(1)(A) [calls to cellular phones without prior consent], 227(b)(1)(B) [calls to residential phones without prior consent], and section 227(c) [telemarketing solicitations to National Do Not Call Registrants]. Section 227(b)(3) provides that a person may bring an appropriate action based on a violation of the "no consent" subsection to recover actual monetary loss or $500 for each violation, whichever is greater. 47 U.S.C. § 227(b)(3). "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court *may, in its discretion, increase* the amount of the award to an amount equal to *not more than* 3 times" the monetary loss or statutory damages. 47 U.S.C. § 227(b)(3) (emphasis supplied).

The "Do Not Call Registrants" provision, section 227(c), states that "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring an action for injunctive relief, damages, or both. 47 U.S.C. § 227(c)(5); *see also Drew v. Lexington Consumer Advocacy*, No. 16-CV-00200-LB, 2016 WL 9185292, at *6 (N.D. Cal. Aug. 11, 2016), *report and recommendation adopted sub nom. Drew v. Lexington Consumer Advocacy, LLC*, No. C 16-00200 SBA, 2016 WL 9223901 (N.D. Cal. Sept. 2, 2016). The TCPA authorizes private actions for damages equal to the greater of actual monetary loss or $500. 47 U.S.C. § 227(c)(5). As with the "no consent" violations, "[i]f the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the cour*t may, in its discretion, increase* the amount of the award to an amount equal to *not more than* 3 times the amount available" as damages. 47 U.S.C. § 227(c)(5) (emphasis supplied).

Treble damages are not awarded of course, and may be denied in the absence of evidence of prior suits against the same defendant for violation of the TCPA, or that the amount of statutory damages would be "considered trivial and thus not deter future misconduct." *Drew*, 2016 WL

2

9185292, at *11; *see also Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, No. C-13-00229 JCS, 2013 WL 6571629, at *17 (N.D. Cal. Aug. 19, 2013), *report and recommendation adopted,* No. 13-CV-00229-YGR, 2013 WL 6571168 (N.D. Cal. Oct. 9, 2013) ("Plaintiff has not provided evidence to show that BDD has been sued before under the TCPA, or that the company is so large that an award of statutory damages in the amount of $11,000 would be deemed trivial."); *Roylance v. ALG Real Estate Servs., Inc.*, No. 5:14-CV-02445-PSG, 2015 WL 1522244, at *11 (N.D. Cal. Mar. 16, 2015), *report and recommendation adopted as modified,* No. 14-CV-02445-BLF, 2015 WL 1544229 (N.D. Cal. Apr. 3, 2015) (plaintiff provided evidence that he sent demand letters to defendants, giving them actual notice that five subsequent prerecorded calls he received were illegal).

Here, the allegations of the complaint and the evidence supplied in support of the default judgment are insufficient to support a discretionary award of treble damages. Indeed, plaintiff Heidarpour offers only the barest statement that he "repeatedly requested that Empire stop calling," without any indication of when he made such a request or in what manner. (Complaint ¶ 45, Heidarpour Declaration ¶ 6.) Plaintiffs offer no further allegations or evidence, such as the size of the company or other facts relevant to the appropriate deterrence amount, to support their request to treble the damages on twenty-nine (29) purported voice calls under section 227(b) and forty (40) purported voice calls under section 227(c).

In addition, with respect to the liability and damages allegations, plaintiffs do not specifically allege facts, or provide supporting evidence, to establish when and how anyone requested that the phone numbers at issue be placed on the National Do Not Call Registry. The complaint alleges that two of the three numbers at issue "is on" the National Do Not Call Registry. (Complaint ¶¶ 26, 35.) The declaration of plaintiff Heidarpour says those two numbers "have been listed" on the National Do Not Call Registry prior to the calls at issue. (Heidarpour Declaration, Dkt. No. 16-1, ¶¶ 7, 8.). No additional facts were alleged and no evidence to substantiate registration was provided. *Cf. Drew*, 2016 WL 9185292, at *7 (providing evidence in the form of an email confirmation that plaintiff registered his phone number on the Do Not Call

3

Registry).[1]  Moreover, plaintiff offers no evidence or allegations to establish that defendant was the originator of the calls or controlled the sending phone numbers.  *Cf. id.* (plaintiff seeking default judgment required to allege or provide evidence to confirm that named defendant was originator of calls and owned, licensed, or registered the sending phone numbers).

Based upon the foregoing, the Court declines to adopt the Report and **DENIES** the Motion for Default Judgment **WITHOUT PREJUDICE**.  Any renewed motion for default judgment shall be filed promptly, such that the instant proceedings can be resolved within 60 days of this order.

This matter is **REFERRED** to Magistrate Judge Westmore for a report and recommendation on any renewed motion for default judgment, consistent with this Order.

This terminates Docket Nos. 16 and 19.

**IT IS SO ORDERED.**

Dated: July 18, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] The Court notes that plaintiff Abante Rooter and Plumbing, Inc. has brought 18 similar TCPA actions in the past two years in this district, one of which is pending before the undersigned and set for trial in October 2018.  The vast majority of those were filed and quickly voluntarily dismissed, either with no appearance by defendant or shortly thereafter, though one is currently in the midst of class action settlement approval proceedings, *Abante Rooter and Plumbing, Inc. v. Pivotal Payments dba Capital Processing Network*, 16-cv-5486-JCS.  The Court further notes that Abante is the named class representative in a several TCPA class actions, including a class action pending before the Northern District of Illinois, *Abante Rooter and Plumbing, Inc. v. Oh Insurance Agency and Allstate Insurance Company,* 15-cv-9025; a class action settled earlier this year in the Southern District of New York, *Abante Rooter and Plumbing, Inc. v. New York Life Insurance Company*, 16-cv-3588; and one settled in 2017 in the Northern District of Georgia, *Abante Rooter and Plumbing, Inc. v. Birch Communications, Inc.*, 15-cv-3562-AT, and has brought numerous similar TCPA actions in the Middle and Southern District of Florida, the Eastern District of New York, and the District of Rhode Island.

The volume of Abante's TCPA filings suggests that such actions occupy a significant portion of Abante's time.  Although the complaint and declaration do not make clear the relationship between Abante and Heidarpour, they indicate that Abante is "his business." (Complaint ¶ 1.)  The volume of the company's TCPA filings, in this district and others across the country, tends to undermine Heidarpour's declaration that the telemarketing calls from the particular defendant here "interrupted cherished and scarce time with family . . . were a nuisance . . . and harrassed" him.  (Heidarpour Decl. ¶3.)