Jon B. Fougner (State Bar No. 314097)
Email: Jon@FougnerLaw.com
600 California Street, 11th Fl.
San Francisco, CA 94108
Telephone: (434) 623-2843
Facsimile: (206) 338-0783

*Attorney for the Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FRED HEIDARPOUR and ABANTE
ROOTER AND PLUMBING INC,

            Plaintiffs,

    v.

EMPIRE CAPITAL FUNDING GROUP
INC.,

            Defendant.

Case 4:18-cv-00250-YGR

**PLAINTIFFS' NOTICE OF RENEWED
MOTION FOR DEFAULT JUDGMENT**

Judge: Hon. Kandis A. Westmore
Date: September 20, 2018
Time: 1:30 pm
Court: 1301 Clay Street, Oakland, CA 94612

- 1 -

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT ON September 20, 2018 at 1:30 pm, or as soon thereafter as this matter may be heard by the above-entitled Court, located at 1301 Clay Street, Oakland, California 94612, Plaintiffs Fred Heidarpour and Abante Rooter and Plumbing Inc will present Plaintiffs' Renewed Motion for Default Judgment.

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Plaintiffs will move the Court to enter default judgment against Defendant Empire Capital Funding Group Inc. and in favor of (i) Plaintiff Fred Heidarpour in the amount of $90,000, (ii) Plaintiff Abante Rooter and Plumbing Inc in the amount of $1,000, and (iii) both Plaintiffs in the amount of $475 for costs. Plaintiffs will base their motion on their prior motion for default judgment and the evidence attached thereto, Dkt. No. 16, the attached memorandum of points and authorities, the attached declaration of Fred Heidarpour (and the exhibits attached thereto), the pleadings and other papers on file in this action and any oral argument the Court may allow.

RESPECTFULLY SUBMITTED AND DATED this 2nd day of August, 2018.

By:   /s/ Jon B. Fougner
Jon B. Fougner
*Attorney for the Plaintiffs*

1
2
3
4

Jon B. Fougner (State Bar No. 314097)
Email: Jon@FougnerLaw.com
600 California Street, 11th Fl.
San Francisco, CA 94108
Telephone: (434) 623-2843
Facsimile: (206) 338-0783

5

*Attorney for the Plaintiffs*

6
7
8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

9
10
11
12
13
14
15
16
17
18

| | |
|---|---|
| FRED HEIDARPOUR and ABANTE ROOTER AND PLUMBING INC, <br><br> Plaintiffs, <br><br> v. <br><br> EMPIRE CAPITAL FUNDING GROUP INC., <br><br> Defendant. | Case 4:18-cv-00250-YGR <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR DEFAULT JUDGMENT** <br><br> Judge: Hon. Kandis A. Westmore <br> Date: September 20, 2018 <br> Time: 1:30 pm <br> Court: 1301 Clay Street, Oakland, CA 94612 |

19
20
21
22
23
24
25
26
27
28

- i -

# TABLE OF CONTENTS

I.   STATEMENT OF ISSUES TO BE DECIDED ................................................................. 1

II.  STATEMENT OF RELEVANT FACTS ...................................................................... 1

III. ARGUMENT AND AUTHORITIES .......................................................................... 3

   A.   The Court Has Jurisdiction and Service of Process Was Proper ...................................... 3

     i.    Subject Matter Jurisdiction ............................................................................. 4

     ii.   Personal Jurisdiction ...................................................................................... 4

     iii.  Service of Process ......................................................................................... 8

   B.   The *Eitel* Factors Weigh in Favor of Granting Default Judgment in the Case at Bar 9

     i.    Without a Default Judgment, Plaintiffs Will Be Unfairly Denied Relief ...................... 9

     ii.   The Complaint States Each Element of the Three Prima Facie TCPA Claims ............ 10

     iii.  The Sum of Money at Stake Is Appropriate for Default Judgment ........................... 12

     iv.   A Dispute Concerning Material Facts Is Unlikely ................................................ 13

     v.    The Default Was Not Due to Excusable Neglect ................................................ 14

     vi.   There Is No Likelihood of a Decision on the Merits ............................................ 14

   C.   The Relief Sought Is Documented in Detail and Appropriate Under the

   Circumstances .................................................................................................... 15

     i.    Damages ..................................................................................................... 15

     ii.   Attorney's Fees ............................................................................................ 19

     iii.  Costs ......................................................................................................... 20

IV.  CONCLUSION ..................................................................................................... 20

- ii -

MEM. P&A SUPP. PLS.' RENEWED MOT. DEFAULT J.
*Heidarpour v. Empire Capital Funding Grp., Inc.*, Case No. 4:18-cv-00250-YGR

## **TABLE OF AUTHORITIES**

**Cases**

*Abramson v. CWS Apartment Homes, LLC*, No. 16-426, 2016 U.S. Dist. LEXIS 146627 (W.D. Pa. Oct. 24, 2016) ............................................................................................................... 19

*Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768 (11th Cir. 2011) ....................................... 15

*Am. Auto. Ass'n, Inc. v. Darba Enters., Inc.*, No. C 09-00510 SI, 2009 U.S. Dist. LEXIS 37564 (N.D. Cal. Apr. 21, 2009) .................................................................................................... 6, 7

*Baker v. Caribbean Cruise Line, Inc.*, No. CV 13-8246-PCT-PGR, 2014 U.S. Dist. LEXIS 28960 (D. Ariz. Mar. 6, 2014) ............................................................................................................ 8

*Bancroft & Masters v. Augusta Nat'l*, 223 F.3d 1082 (9th Cir. 2000) ........................................ 5

*Branham v. ISI Alarms, Inc.*, No. 12-CV-1012 (ARR) (MDG), 2013 U.S. Dist. LEXIS 124933 (E.D.N.Y. Aug. 30, 2013) ........................................................................................................ 8

*Calder v. Jones*, 465 U.S. 783 (1984) ........................................................................................... 4

*Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011) .................................................................. 17

*Charvat v. Ryan*, 879 N.E.2d 765 (Ohio 2007) ..................................................................... 15, 16

*Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482 (9th Cir. 1993) ............................................ 6

*Cunningham v. Enagic USA, Inc.*, Civ. Case No. 15-00847 (Jan. 16, 2018 M.D. Tenn.)............ 13

*Cunningham v. First Class Vacations, Inc.*, Civil No. 3:16-cv-2285 (M.D. Tenn. Mar. 1, 2018)13

*Cunningham v. Montes*, No. 16-cv-761-jdp, 2017 U.S. Dist. LEXIS 111115, at *6 (W.D. Wis. July 18, 2017) ($176,450), *rev'd on other grounds*, 883 F.3d 688 (7th Cir. 2018)................. 13

*Cunningham v. Rapid Response Monitoring Servs.*, 251 F. Supp. 3d 1187 (M.D. Tenn. 2017). 18, 19

*Cunningham v. Select Student Loan Help, LLC*, No. 3:15-cv-00554, 2018 U.S. Dist. LEXIS 118097 (M.D. Tenn. July 16, 2018)...................................................................................... 13

*Danning v. Lavine*, 572 F.2d 1386 (9th Cir. 1978)..................................................................... 10

*DFSB Kollective Co., Ltd. v. Bing Yang*, No. C 11-1051 CW, 2013 U.S. Dist. LEXIS 46096 (N.D. Cal. Mar. 28, 2013) ...................................................................................................... 12

*Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001) ..................................................................... 6

*Draper v. Coombs*, 792 F.2d 915 (9th Cir. 1986) ......................................................................... 3

- iii -

MEM. P&A SUPP. PLS.' RENEWED MOT. DEFAULT J.
*Heidarpour v. Empire Capital Funding Grp., Inc.*, Case No. 4:18-cv-00250-YGR

*Drew v. Lexington Consumer Advocacy, LLC*, No. 16-cv-00200-LB, 2016 U.S. Dist. LEXIS 52385 (N.D. Cal. Apr. 18, 2016) ........................................................ 8, 9, 11, 14, 17

*Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) ........................................................ 9, 14

*Ewing v. Empire Capital Funding Grp., Inc.*, Case 3:17-cv-02507-LAB-MDD (S.D. Cal. filed Dec. 14, 2017) ........................................................................................................ 17

*Glencore Grain Rotterdam B.V. v. Shuvnath Rai Harnarain Co.*, 284 F.3d 1114 (9th Cir. 2002) 4

*Gordon v. DTE Energy*, 680 F. Supp. 2d 1282 (W.D. Wash. 2010) ........................................ 5, 6

*Heidorn v. BDD Mktg. & Mgmt. Co.*, No. C-13-00229 JCS, 2013 U.S. Dist. LEXIS 177166 (N.D. Cal. Aug. 19, 2013) ............................................................................................ 13

*Hudak v. Berkley Grp., Inc.*, No. 3:13-cv-00089-WWE, 2014 WL 354676 (D. Conn. Jan. 23, 2014) ........................................................................................................................ 8

*In re Tuli*, 172 F.3d 707 (9th Cir. 1999) ........................................................................ 3

*j2 Glob. Communs., Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH, 2009 U.S. Dist. LEXIS 1616 (N.D. Cal. Jan. 5, 2009) ................................................................................................ 5

*Jones v. Revenue Assistance Corp.*, No. 14-10218-GAO, 2016 U.S. Dist. LEXIS 136993 (D. Mass. Aug. 31, 2016) ................................................................................................ 19

*Jones v. Royal Admin. Servs.*, No. 15-17328, 2018 U.S. App. LEXIS 8587 (9th Cir. Apr. 4, 2018) ........................................................................................................................ 12

*L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795 (9th Cir. 2017) ........................................ 11

*Luna v. Shac, LLC*, No. C14-00607 HRL, 2014 WL 3421514 (N.D. Cal. July 14, 2014) ............ 8

*Mabeza v. Ashfield Mgmt. Servs., LLC*, No. 17-cv-1946-AJB-KSC, 2018 U.S. Dist. LEXIS 45849 (S.D. Cal. Mar. 20, 2018) .................................................................... 9, 13, 14

*Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 U.S. Dist. LEXIS 157579 (N.D. Ill. June 13, 2011) ........................................................................................................ 19

*Mey v. Venture Data, LLC*, 245 F. Supp. 3d 771 (N.D.W. Va. 2017) ........................................ 18

*Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012) ........................................................ 4

*Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006) ........................................ 18

*O'Connor v. Lyft, Inc.*, No. 16-cv-00351-JSW, 2016 U.S. Dist. LEXIS 153705 (N.D. Cal. Apr. 14, 2016) ................................................................................................................ 11

*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998) ........................................ 7

*Penpower Technology Ltd. v. S.P.C. Technology*, 627 F. Supp. 2d 1083 (N.D. Cal. 2008) ........ 14

- iv -

*PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172 (C.D. Cal. 2002) ...................... 9, 13

*Righetti v. Auth. Tax Servs.*, LLC, No. C-14-0146 EMC, 2015 U.S. Dist. LEXIS 87400 (N.D. Cal. July 6, 2015) ............................................................................................... 10, 12, 15

*Robbins v. Coca-Cola-Co.*, No. 13-cv-132-IEG NLS, 2013 U.S. Dist. LEXIS 72725 (S.D. Cal. May 22, 2013) ........................................................................................................ 10

*Roylance v. ALG Real Estate Servs.*, No. 5:14-cv-02445-PSG, 2015 U.S. Dist. LEXIS 44930 (N.D. Cal. Mar. 16, 2015) .................................................................................. 15, 17

*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009) ........................................... 11

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004).................................. 4

*Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995 (N.D. Cal. 2001) ................. 3

*TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915 (9th Cir. 1987) ........................................... 9, 13

*Trindade v. Reach Media Grp., LLC*, No. 5:12-cv-04759-PSG, 2014 U.S. Dist. LEXIS 98180 (N.D. Cal. July 18, 2014) ............................................................................................. 10

*Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876 (8th Cir. 2005)18

*Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017).................................. 11

*Wash. Dep't of Revenue v. www.dirtcheapcig.com, Inc.*, 260 F. Supp. 2d 1048 (W.D. Wash. 2003) .......................................................................................................................... 5

*Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199 (9th Cir. 2006) ............................... 4

**Statutes**

28 U.S.C. § 1331 ................................................................................................................. 4

28 U.S.C. § 1367 ................................................................................................................. 4

28 U.S.C. § 1920 ............................................................................................................... 20

47 U.S.C. § 227 ................................................................................................................... 7

47 U.S.C. § 227(b)(1)(A) .................................................................................................. 10

47 U.S.C. § 227(b)(1)(B) ............................................................................................. 11, 12

47 U.S.C. § 227(b)(3), (c)(5) ............................................................................................ 18

47 U.S.C. § 227(c) ....................................................................................................... 11, 12

Cal. Bus. & Prof. Code §§ 17200 *et seq.* ........................................................................... 4

Cal. Code Civ. Proc. § 1021.5 .......................................................................................... 19

**Rules**

Fed. R. Civ. P. 4(h) ................................................................................................ 8

Fed. R. Civ. P. 54(c) ............................................................................................ 20

Fed. R. Civ. P. 54(d) ............................................................................................ 20

Fed. R. Civ. P. 55(b)(2) .......................................................................................... 3

N.D. Cal. Civ. L.R. 54-3 ...................................................................................... 20

N.D. Cal. Civ. L.R. 7-2(a) ...................................................................................... 3

**Regulations**

47 C.F.R. § 64.1200(c)(2) ..................................................................................... 12

47 C.F.R. § 64.1200(e) .......................................................................................... 12

*In re: Dynasty Mortgage L.L.C.*, 22 FCC Rcd. 9453 (2007) ...................................... 16

- vi -

# I.   STATEMENT OF ISSUES TO BE DECIDED

The issue to be decided by the Court is which calls (if any) merit a default judgment of treble damages against Defendant Empire Capital Funding Group Inc. ("Empire Capital") and in favor of Plaintiffs Fred Heidarpour and Abante Rooter and Plumbing Inc ("Abante") in light of the Court's concern that certain documentary evidence—including proof of registration on the National Do Not Call Registry and proof of requests that Empire Capital stop calling—was lacking in Plaintiff's prior motion and in light of Plaintiffs' other litigation against robocallers. *See generally* Dkt. No. 25.

# II.   STATEMENT OF RELEVANT FACTS

<u>Liability</u>: Mr. Heidarpour is Abante's owner and CEO. Decl. Fred Heidarpour Supp. Pls.' Renewed Mot. Default J. ¶ 3 ("Suppl. Heidarpour Decl."). Defendant markets small business loans via telemarketing to those who have not consented to receive such solicitations, including Plaintiffs. Compl. ¶¶ 20-21, Dkt. No. 1. It uses equipment that has the capacity to store or produce random or sequential telephone numbers to be called and that includes autodialers and predictive dialers. *Id.* ¶ 22. Defendant called Plaintiffs' residential and cellular telephone lines, without their consent, with autodialed and prerecorded calls ("robocalls"). *Id.* ¶¶ 1, 27, 31, 36. Mr. Heidarpour repeatedly asked Defendant to stop and complained about the illegal calls, but Defendant robocalled Plaintiffs dozens more times. *Id.* ¶¶ 1, 46 & tbl.; Suppl. Heidarpour Decl. ¶¶ 9-11.

<u>Jurisdiction</u>: Defendant's calls included more than a dozen telemarketing robocalls to Mr. Heidarpour while he was in this District as well as telemarketing robocalls to Abante at its phone numbers bearing California area codes. Compl. ¶¶ 6, 30, 34, 43; *see also id.* ¶ 44 (Defendant knew of Mr. Heidarpour's affiliation with Abante, a California business). Mr. Heidarpour conducts business in California, in this District. *Id.* ¶ 2. Abante is a corporation organized under the laws of the State of California with its principal place of in Emeryville, in this District. *Id.* ¶ 3. Defendant resides in this District. *Id.* ¶ 7.

<u>Injury</u>: Plaintiffs did not consent to these calls. *Id.* ¶¶ 39, 46 & tbl. To the contrary, Mr.

- 1 -

MEM. P&A SUPP. PLS.' RENEWED MOT. DEFAULT J.
*Heidarpour v. Empire Capital Funding Grp., Inc.*, Case No. 4:18-cv-00250-YGR

Heidarpour repeatedly asked that they stop. *Id.* ¶¶ 1, 45; Suppl. Heidarpour Decl. ¶¶ 9-11. Nevertheless, the calls continued—at least 43 in total. Compl. ¶ 41. Plaintiffs felt bombarded by these calls. *Id.* ¶ 1. Mr. Heidarpour was surprised and frustrated to be interrupted by a prerecorded solicitation to a phone number that had long been on the National Do No Call Registry. *Id.* ¶ 39; Decl. Fred Heidarpour Supp. Pls.' Mot. Default J. Ct. ¶ 7, Dkt. No. 16-1 ("Heidarpour Decl."); Suppl. Heidarpour Decl. ¶ 7 & Ex. 1. Mr. Heidarpour's private life and business affairs were interrupted by Defendant's robocalls dozens of times. Compl. ¶ 64. Defendant's conduct distracted Plaintiffs from serving their customers: California consumers. *Id.* The calls were an unfair nuisance and harassment. *Id.*

      <u>Damages</u>: Of these 43 known calls by Defendant to Plaintiffs:

- 43 were not necessitated by an emergency, *id.* ¶ 46;
- 43 were telemarketing, *id.*;
- 43 were robocalls, *id.*;
- 30 used a prerecorded voice, *id.* ¶ 46 tbl.;
- 42 were to a number on the National Do Not Call Registry, *id.*; Suppl. Heidarpour Decl. ¶¶ 7-8 & Exs. 1, 2;
- 42 were after prior requests that Defendant stop calling, Compl. ¶ 46 tbl.; Suppl. Heidarpour Decl. ¶¶ 9-11;
- 2 were to Abante, Compl. ¶¶ 30, 33, 34, 38, 46 tbl.; and
- 41 were to Mr. Heidarpour, *id.* ¶¶ 25, 28, 29, 46 tbl.

      <u>Posture</u>: On January 11, 2018, Plaintiffs filed their complaint, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and regulations promulgated thereunder. *Id.* ¶¶ 1, 47-61. On March 7, 2018, Plaintiffs moved for entry of default. Dkt. No. 8. On March 16, 2018, the clerk entered default. Dkt. No. 9. On May 10, 2018, Plaintiffs moved for default judgment. Dkt. No. 16. On June 21, 2018, the Court issued its recommendation. Dkt. No. 19. On July 18, 2018, the Court declined to adopt the recommendation, identifying areas in which Plaintiffs should promptly provide additional evidence to support treble damages. Dkt.

- 2 -

MEM. P&A SUPP. PLS.' RENEWED MOT. DEFAULT J.
*Heidarpour v. Empire Capital Funding Grp., Inc.*, Case No. 4:18-cv-00250-YGR

No. 25.

The Court ordered: "Any renewed motion for default judgment shall be filed promptly, such that the instant proceedings can be resolved within 60 days of this order," i.e., by September 16, 2018. *Id.* at 4. The Magistrate Judge assigned to this case hears civil law and motion of the first and third Thursdays of the month. *Calendar for: Magistrate Judge Kandis Westmore*, United States District Court for the Northern District of California, http://www.cand.uscourts.gov/CEO/cfd.aspx?71bu (last visited July 19, 2018). As of the morning of July 19, 2018, the date September 6, 2018 was closed for hearings on motions. *Id.* A local rule requires hearings on motions to be noticed at least 35 days in advance. N.D. Cal. Civ. L.R. 7-2(a). In the event that the Magistrate Judge elects to hold a hearing on this motion, no available hearing date complies with all of the foregoing authorities. To come as close as possible to complete compliance, Plaintiffs have noticed the hearing on this motion for September 20, 2018.

## III.  ARGUMENT AND AUTHORITIES

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). Whether to enter a judgment lies within the court's discretion. *Id.* (citing *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986)). As a threshold matter, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties and ensure the adequacy of service on the defendant. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

### A.  The Court Has Jurisdiction and Service of Process Was Proper

The Court has federal-question subject matter jurisdiction over Plaintiffs' TCPA claims and specific and general personal jurisdiction over Defendant due to its California-directed telemarketing. Further, despite its failure to maintain an up-to-date address with the New York Department of State, Defendant was duly served with process in accordance with the requirements of Federal Rule of Civil Procedure 4.

- 3 -

1

### i.   Subject Matter Jurisdiction

2

This Court has federal-question subject matter jurisdiction over the Plaintiffs' TCPA

3

claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin.*

4

*Servs., LLC*, 565 U.S. 368, 372 (2012).

5

While not relevant on this motion, the Court has supplemental subject matter jurisdiction

6

pursuant to 28 U.S.C. § 1367 over the Plaintiffs' claim arising under California's Unfair

7

Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, because that claim arises

8

from the same nucleus of operative fact (i.e., Defendant's telemarketing robocalls to Plaintiffs),

9

adds little complexity to the case and does not seek money damages, so it is unlikely to

10

predominate over the TCPA claims.

11

### ii.   Personal Jurisdiction

12

The Court has specific personal jurisdiction over Defendant because the constitutional

13

requirements of purposeful direction, relatedness and fair play are satisfied.

14

Where no applicable federal statute addresses the issue, the district court applies the law

15

of the state in which it is located to establish personal jurisdiction. *Glencore Grain Rotterdam*

16

*B.V. v. Shuvnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). "California's long-

17

arm permits the exercise of jurisdiction to the limits of due process." *Id.* The analysis asks

18

whether (1) Defendant purposefully directed its activities to California or a resident thereof; (2)

19

the claims arise out of or relate to Defendant's forum-related activities; and (3) the exercise of

20

jurisdiction comports with fair play and substantial justice, i.e., is reasonable. *Schwarzenegger v.*

21

*Fred Martin Motor Co.*, 374 F.3d 797, 801-02 (9th Cir. 2004). The record shows that all three

22

elements are satisfied.

23

***First***, Defendant purposefully directed its activities to California. The "purposeful

24

direction" test is satisfied by (1) an intentional act by the defendant (2) expressly aimed at

25

California, (3) causing harm that the defendant knows will likely be suffered in California.

26

*Calder v. Jones*, 465 U.S. 783, 789-90 (1984); *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433

27

F.3d 1199, 1206 (9th Cir. 2006). This test does not require the defendant's physical presence in

28

- 4 -

California, provided the defendant's efforts are purposefully directed to forum residents. *Wash. Dep't of Revenue v. www.dirtcheapcig.com, Inc.*, 260 F. Supp. 2d 1048, 1051 (W.D. Wash. 2003) (citing *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)).

Intentionality: Here, Defendant made *telemarketing* robocalls to Plaintiffs. Compl. ¶ 21. The fact that the calls attempted to sell Defendant's services (generally using a prerecorded voice), *id.* ¶ 46 & tbl., rather than apologizing for misdialing and promptly ending the call, leaves little doubt that they were intentional. Further confirming that the calls were no accident, Defendant placed no less than *43* of them to Plaintiffs. *Id.* ¶ 41.

Express aiming: The express aiming "requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft & Masters v. Augusta Nat'l*, 223 F.3d 1082, 1087 (9th Cir. 2000). Here, Defendant's intentional acts included more than a dozen telemarketing robocalls to Mr. Heidarpour while he was in this District, Compl. ¶ 43, and more than a dozen telemarketing robocalls to Mr. Heidarpour after Defendant knew of his affiliation with Abante, which is, and is publicly known to be, a California business in this District, *id.* ¶¶ 3, 44. Defendant's intentional acts further included telemarketing robocalls to Abante at its phone numbers bearing California area codes. *Id.* ¶¶ 6, 30, 34.

Foreseeable harm: The third and final element of purposeful direction is met because Defendant reasonably knew that the harm from its illegal telemarketing to a California business, a California businessperson, *id.* ¶ 44 (Defendant knew of Mr. Heidarpour's affiliation with Abante, a California business), and California phone numbers would be felt in California. The intentional, expressly aimed acts—the calls—are the very basis of the liability and damages in this case. *See Gordon v. DTE Energy*, 680 F. Supp. 2d 1282, 1286 (W.D. Wash. 2010); *j2 Glob. Communs., Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH, 2009 U.S. Dist. LEXIS 1616, at *26-27 (N.D. Cal. Jan. 5, 2009).

**Second**, the constitutional requirement of relatedness is satisfied for reasons similar to those for which the foreseeability sub-test of the purposeful-direction test is met. Because

- 5 -

Plaintiffs would not have been injured but for Defendant's California-related conduct, relatedness is satisfied. *See Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001) ("but for" test). But for Defendant's calls to a California business, a California businessperson and California phone numbers, Compl. ¶¶ 1, 6, 21-22, 39-46 & 46 tbl., the TCPA violations alleged herein would not have occurred, *id.* ¶¶ 47-61, and Plaintiffs would not have been bombarded, surprised, frustrated, interrupted, harassed, distracted from their clients and subjected to a nuisance, *id.* ¶¶ 1, 39, 64.

*Third*, the jurisdictional element of fair play is satisfied because requiring Defendant to defend in California is not unreasonable. Once Plaintiffs have made a prima facie showing that specific jurisdiction exists, the burden shifts to Defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Am. Auto. Ass'n, Inc. v. Darba Enters., Inc.*, No. C 09-00510 SI, 2009 U.S. Dist. LEXIS 37564, at \*17 (N.D. Cal. Apr. 21, 2009) (quoting *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487 (9th Cir. 1993)). Defendant has failed to carry this burden.

Seven factors are balanced to determine if the exercise of jurisdiction is unreasonable: (1) the extent of purposeful interjection by the defendant into the forum, (2) the burden on the defendant of defending in the forum, (3) the extend of conflict with the sovereignty of the defendant's home state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiffs' interests in convenient and effective relief, and (7) the existence of an alternate forum. *Gordon*, 680 F. Supp. 2d at 1286. Here, these factors fail to establish unreasonableness.

Purposeful interjection: Defendant purposefully interjected itself into California for the same reasons that the intentionality and express-aiming prongs of the purposeful-direction test are satisfied, as discussed above.

Burden on defendant: Defendant must show that the inconvenience of litigating in California is "so great as to constitute a deprivation of due process" so as to "overcome clear justifications for the exercise of jurisdiction." *Am. Auto. Ass'n*, 2009 U.S. Dist. LEXIS 37564, at

- 6 -

*18 (quoting *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998)). Here, the burden of defending in California, rather than in New York, is slight. *See Am. Auto. Ass'n*, 2009 U.S. Dist. LEXIS 37564, at *6 ("[A]dvances in technology and discounted airfare do not make it unreasonable for defendant to litigate in California.").

Sovereignty: Few, if any, sovereignty concerns are implicated by California's exercise of personal jurisdiction over Defendant. The TCPA is a federal statute. 47 U.S.C. § 227.

Interest of forum state: California has a strong interest in protecting California businesses and businesspeople from nonconsensual telemarketing robocalls knowingly targeting them in California at California area codes. Here, Defendant's calls included more than a dozen telemarketing robocalls to Mr. Heidarpour while he was in California as well as telemarketing robocalls to Abante at its phone numbers bearing California area codes. Compl. ¶¶ 6, 30, 34, 43, 44. Mr. Heidarpour conducts business in California. *Id.* ¶ 2. Abante is a corporation organized under the laws of the State of California with its principal place of business in California. *Id.* ¶ 3.

Efficient resolution: When evaluating this factor, courts focus on "the location of the evidence and the witnesses. It is no longer weighed heavily given the modern advances in communication and transportation." *Am. Auto. Ass'n*, 2009 U.S. Dist. LEXIS 37564, at *20 (citing *Panavision*, 141 F.3d at 1323). Abante's documents are generally in the forum state. While it is likely that many of Defendant's documents are in New York, most of this evidence is likely electronically stored and thus efficiently transferrable. Defendant's deposition can be taken in its home state of New York. Accordingly, the Northern District of California is an efficient forum for this case.

Burden on plaintiffs to litigate elsewhere: Plaintiffs, a California business, Compl. ¶ 3, and a natural person doing business in California, *id.* ¶ 2, have no connection to New York, the state of Defendant's citizenship, *id.* ¶ 4. Plaintiffs would be unreasonably burdened by having to litigate there or elsewhere outside of California.

Alternate forum: Defendant has failed to establish the proprietary of an alternate forum. Following similar analysis, courts in the Ninth Circuit and throughout the country have

- 7 -

MEM. P&A SUPP. PLS.' RENEWED MOT. DEFAULT J.
*Heidarpour v. Empire Capital Funding Grp., Inc.*, Case No. 4:18-cv-00250-YGR

found the exercise of specific personal jurisdiction proper in cases involving alleged TCPA violations based on calls made to a plaintiff's phone in the forum state—as in the case at bar. *E.g.*, *Drew v. Lexington Consumer Advocacy, LLC*, No. 16-cv-00200-LB, 2016 U.S. Dist. LEXIS 52385, at *7 (N.D. Cal. Apr. 18, 2016) ("[The defendant] purposefully directed its activities [to] and availed itself to the benefits of California law by sending the alleged text messages to [the plaintiff]."); *Luna v. Shac, LLC*, No. C14-00607 HRL, 2014 WL 3421514, at *4 (N.D. Cal. July 14, 2014); *Baker v. Caribbean Cruise Line, Inc.*, No. CV 13-8246-PCT-PGR, 2014 U.S. Dist. LEXIS 28960, at *5-6 (D. Ariz. Mar. 6, 2014); *Hudak v. Berkley Grp., Inc.*, No. 3:13-cv-00089-WWE, 2014 WL 354676, at *2-3 (D. Conn. Jan. 23, 2014); *Branham v. ISI Alarms, Inc.*, No. 12-CV-1012 (ARR) (MDG), 2013 U.S. Dist. LEXIS 124933, at *28 (E.D.N.Y. Aug. 30, 2013) ("[S]ince the TCPA is essentially a strict liability statute . . . defendants reasonably should have anticipated that the use of [an automated] system to call a New York cell-phone number could subject them to being haled into court in New York." (internal quotation marks and alteration marks omitted)).

Finally, this Court has found jurisdiction and venue proper in this case. Dkt. 19 at 5.

### iii.    Service of Process

Under the Federal Rules of Civil Procedure, Defendant was properly served with process. Under Federal Rule of Civil Procedure 4(h), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Here, on February 12, 2018, Plaintiffs' process server served the complaint, summons and other initiating papers on Defendant personally. Aff. Service, Dkt. No. 7. On February 15, 2018, the process server then mailed a copy to Defendant. *Id.* Thus, Plaintiffs effected service under Rule 4(h).

This Court has found service of process proper in this case. Dkt. No. 19 at 5-6.

**B. The *Eitel* Factors Weigh in Favor of Granting Default Judgment in the Case at Bar**

In the Ninth Circuit, a court analyzes the following "*Eitel* factors" in determining whether to grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). Under this rubric and *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (at default judgment, all factual allegations in complaint accepted as true, except those allegations relating to amount of damages), the Court should grant default judgment against Defendant and in favor of Plaintiffs.

### i. Without a Default Judgment, Plaintiffs Will Be Unfairly Denied Relief

The first *Eitel* factor considers whether Plaintiffs will suffer prejudice if a default judgment is not entered. *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, Defendant was made aware of its unlawful conduct when it was personally served with the summons and complaint. Dkt. No. 7. Nevertheless, throughout the six-month life of this case, Defendant has failed to appear and defend against this action, including at the Court's hearing on default judgment, Dkt. No. 19 at 1, of which Defendant had legal and actual notice, *id.* at 3, 9. In the absence of a default judgment, Plaintiffs will be unfairly prejudiced because they will be unable to obtain a decision on the merits and will be effectively denied all relief. *Mabeza v. Ashfield Mgmt. Servs., LLC*, No. 17-cv-1946-AJB-KSC, 2018 U.S. Dist. LEXIS 45849, at *3-4 (S.D. Cal. Mar. 20, 2018); *Drew*, 2016 U.S. Dist. LEXIS 52385, at *9-10; *Trindade v. Reach Media Grp., LLC*, No. 5:12-cv-04759-PSG, 2014 U.S. Dist. LEXIS 98180, at

- 9 -

1   *6 (N.D. Cal. July 18, 2014).

2   Moreover, "the TCPA expressly provides for the award of statutory damages, which

3   further supports a finding that [the p]laintiff will be unfairly prejudiced (and [the d]efendant's

4   conduct will not appropriately be deterred) if default judgment is not entered." *Righetti v. Auth.*

5   *Tax Servs.*, LLC, No. C-14-0146 EMC, 2015 U.S. Dist. LEXIS 87400, at *6 (N.D. Cal. July 6,

6   2015).

7   The first factor, therefore, weighs in favor of the entry of a default judgment. Dkt. No. 19

8   at 6.

9           **ii.    The Complaint States Each Element of the Three Prima Facie TCPA**

10                  **Claims**

11   The second and third *Eitel* factors favor default judgment where the complaint

12   sufficiently states a claim for relief under the "liberal pleading standards embodied in rule 8" of

13   the Federal Rules of Civil Procedure. *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978). In

14   the pre-discovery phase, general allegations in a TCPA case are sufficient. *Robbins v. Coca-*

15   *Cola-Co.*, No. 13-cv-132-IEG NLS, 2013 U.S. Dist. LEXIS 72725, at *7 (S.D. Cal. May 22,

16   2013). Here, Plaintiffs have alleged and supported their three TCPA claims with more than

17   adequate specificity. *Compare* Compl. ¶ 46 tbl. (date, caller ID, called number, and information

18   about whether or not a prerecorded voice was used, whether or not the call followed prior do-

19   not-call requests, and whether or not the called number was then on the National Do Not Call

20   Registry for every one of the 43 calls on which this motion is based); Suppl. Heidarpour Decl. ¶¶

21   7-11; *and* Heidarpour Decl. ¶ 5; *with Auth. Tax Servs.*, 2015 U.S. Dist. LEXIS 87400, at *7-8

22   ("The factual allegations in Righetti's complaint are detailed, including the specific telephone

23   numbers Authority Tax apparently called her from, and the precise date she received these

24   calls."). In particular, Plaintiffs have adequately and specifically stated claims for:

25   •  first, non-emergency robocalls to cellular telephones in violation of 47 U.S.C. §

26         227(b)(1)(A), Compl. ¶¶ 47-51;

27   •  second, non-emergency robocalls to residential telephones in violation of 47 U.S.C. §

28

- 10 -

227(b)(1)(B), Compl. ¶¶ 52-56; and

- third, telemarketing solicitations to National Do Not Call registrants in violation of 47 U.S.C. § 227(c), Compl. ¶¶ 52-56.

Claim one: The elements of the first claim are: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system [or artificial or prerecorded voice]; (3) without the recipient's prior express consent." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 803-04 (9th Cir. 2017); *see also* 47 U.S.C. § 227(b)(1) ("It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone service."). "Prior express consent" under the TCPA must be "clearly and unmistakably stated." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009). Plaintiffs' complaint pleads each element of the first claim: (1) Defendant called a cellular telephone number, Compl. ¶¶ 31, 36, 46 & tbl., (2) using an automatic telephone dialing system or artificial or prerecorded voice, *id.* ¶¶ 1, 22, 46 & tbl., (3) without the recipient's prior express consent, *id.* ¶¶ 39 & 46 tbl.; *see also Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017) (consent is an affirmative defense); *Drew*, 2016 U.S. Dist. LEXIS 52385, *15-16 (when defendant fails to provide any evidence of consent, plaintiff's claims of lack of consent suffice at default judgment). "[A]n allegation of a 'telltale pause' between the time the plaintiff answered a call and the time an agent began speaking has been found sufficient to support an inference that calls were made using an ATDS." *O'Connor v. Lyft, Inc.*, No. 16-cv-00351-JSW, 2016 U.S. Dist. LEXIS 153705, at *12 (N.D. Cal. Apr. 14, 2016). Moreover, Plaintiffs' complaint pleads the absence of an emergency, Compl. ¶ 46, and the presence of the parties in the United States during the calls, *id.* ¶¶ 2-4, 6-8, 30, 34, 43-44.

Claim two: The elements of the second claim are: (1) the defendant called a residential telephone number, (2) using an artificial or prerecorded voice, (3) without the recipient's prior

- 11 -

MEM. P&A SUPP. PLS.' RENEWED MOT. DEFAULT J.
*Heidarpour v. Empire Capital Funding Grp., Inc.*, Case No. 4:18-cv-00250-YGR

express consent. 47 U.S.C. § 227(b)(1)(B). Plaintiffs' complaint pleads each element of the second claim: (1) Defendant called a residential telephone number, Compl. ¶¶ 27, 39-40, 46 tbl., (2) using an artificial or prerecorded voice, *id.* ¶¶ 1, 39-40, 46 tbl., (3) without the recipient's prior express consent, *id.* ¶¶ 39 & 46 tbl.

Claim three: The elements of the third claim are: (1) the defendant called a residential telephone number (2) registered on the National Do Not Call Registry (3) at least twice in any 12-month period (4) for initiating any telephone solicitation. 47 U.S.C. § 227(c); *Jones v. Royal Admin. Servs.*, No. 15-17328, 2018 U.S. App. LEXIS 8587, at *7-8 (9th Cir. Apr. 4, 2018); 47 C.F.R. § 64.1200(c)(2), (e) (DNC regulations also applicable to calls to wireless telephone numbers). Plaintiffs' complaint pleads each element of the third claim: (1) Defendant called Mr. Heidarpour's residential telephone number, Compl. ¶¶ 27, 39-40, 46 tbl., (2) registered on the National Do Not Call Registry, *id.* ¶¶ 26, 39-40, 46 tbl., 64, (3) at least twice in any 12-month period, *id.* ¶¶ 39-40, 46 tbl., (4) for initiating any telephone solicitation, *id.* ¶¶ 1, 6, 20-21, 39-41, 43-44, 46.

As discussed below in the context of treble damages, widespread consumer complaints about unsolicited telemarketing calls by Empire Capital, including from some of the same caller IDs from which the calls to Plaintiffs came, confirm that Defendant was indeed responsible for the calls at issue in this case.

### iii.   The Sum of Money at Stake Is Appropriate for Default Judgment

"[T]he sum of money at stake in this action is particularly appropriate for resolution on default judgment because TCPA damages are specifically set by statute." *Auth. Tax Servs.*, 2015 U.S. Dist. LEXIS 87400, at *7. The general rule that cases seeking statutory damages are well-suited to default judgment applies even for judgments approaching one million dollars or more. *DFSB Kollective Co., Ltd. v. Bing Yang*, No. C 11-1051 CW, 2013 U.S. Dist. LEXIS 46096, at *34-35 (N.D. Cal. Mar. 28, 2013).

Thus, in TCPA cases, a six-figure demand does not cause the sum-at-stake factor to weigh against granting default judgment. *Heidorn v. BDD Mktg. & Mgmt. Co.*, No. C-13-00229

- 12 -

JCS, 2013 U.S. Dist. LEXIS 177166, at *29-30 (N.D. Cal. Aug. 19, 2013). Courts around the country have granted six-figure default judgments in TCPA cases. *E.g.*, *Cunningham v. Select Student Loan Help, LLC*, No. 3:15-cv-00554, 2018 U.S. Dist. LEXIS 118097, at *1 (M.D. Tenn. July 16, 2018) ($249,000); *Cunningham v. Enagic USA, Inc.*, Civ. Case No. 15-00847, at *1-2 (Jan. 16, 2018 M.D. Tenn.), ECF No. 274 ($259,500); *Cunningham v. Montes*, No. 16-cv-761-jdp, 2017 U.S. Dist. LEXIS 111115, at *6 (W.D. Wis. July 18, 2017) ($176,450), *rev'd on other grounds*, 883 F.3d 688 (7th Cir. 2018).

When plaintiffs plead revoked consent, courts find that treble damages are appropriate at default judgment. *Mabeza*, 2018 U.S. Dist. LEXIS 45849, at *8. *A fortiori*, when, as here, Plaintiffs plead the absence of any consent in the first place, Compl. ¶ 39, and repeated requests that the calls (to numbers on the National Do Not Call Registry, no less) stop, *id.* ¶¶ 1, 45, 46 & tbl.; Suppl. Heidarpour Decl. ¶¶ 7-11, treble damages are appropriate to deter further illegal telemarketing.

Courts have also found treble damages appropriate in TCPA cases at default judgment when defendants have called plaintiffs an outrageous number of times. *E.g.*, *Cunningham v. First Class Vacations, Inc.*, Civil No. 3:16-cv-2285, at *3 (M.D. Tenn. Mar. 1, 2018) (recommending award of treble damages, $49,500 in total, based in part on volume of calls). In *First Class Vacations*, the volume of calls was 33. *Id.* Here, it is 43. Compl. ¶ 46.

### iv.   A Dispute Concerning Material Facts Is Unlikely

There are no disputed material facts. "Upon entry of default, all well pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177. Here, Plaintiffs have alleged sufficient facts to support their claims, as shown above. Moreover, because Defendant failed to participate in litigation, the clerk entered default against it. Dkt. No. 9. The result is that all well-pleaded facts (except as to damages) are taken as true. *TeleVideo*, 826 F.2d at 917-18. Thus, there is no dispute of material facts and this factor does not weigh against default judgment. Dkt. No. 19 at 8.

1

### v.   The Default Was Not Due to Excusable Neglect

2

In *Eitel*, there was both a factual dispute and excusable neglect. *Eitel*, 782 F.2d at 1472.

3 There, the defendant disputed material facts in the (untimely) answer and counterclaim. *Id.*

4 Moreover, the defendant's response was late because the parties had previously agreed to "what

5 appeared to be a final settlement agreement" and the defendant "reasonably believed that the

6 litigation was at an end." *Id.* Because of his reasonable reliance and prompt response when the

7 agreement dissolved, the defendant's failure to respond timely appeared due to excusable

8 neglect. *Id.*

9

Here, there is no indication that Defendant allowed its default to be taken as a result of

10 excusable neglect. Dkt. No. 19 at 1, 3, 9. After being served with the complaint, Defendant

11 simply failed to respond or even participate in defending itself. There is no basis for finding that

12 Defendant's neglect was excusable. Consequently, this factor weighs in favor of the entry of

13 default judgment. Dkt. No. 19 at 8-9; *see Mabeza*, 2018 U.S. Dist. LEXIS 45849, at *10-11

14 (when nothing suggests excusable neglect, factor weighs in favor of default judgment).

15

### vi.   There Is No Likelihood of a Decision on the Merits

16

Although default judgment is disfavored, a decision on the merits is impractical, if not

17 impossible, when the defendant takes no part in the action. *Penpower Technology Ltd. v. S.P.C.*

18 *Technology*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008). Given that Defendant has failed to

19 respond, the general preference for resolution on the merits is not equally applicable. *Mabeza*,

20 2018 U.S. Dist. LEXIS 45849, at *11; *Drew*, 2016 U.S. Dist. LEXIS 52385, at *28 ("[The

21 defendant] has failed to respond, correspond with the court, or otherwise mount any form of

22 defense despite being served with the relevant papers. Because of its refusal to participate,

23 litigation on the merits does not appear possible. This factor consequently supports default

24 judgment."). Dkt. No. 19 at 9.

25

In conclusion, the *Eitel* factors favor the entry of default judgment in this case. *Id.*

26

27

28

- 14 -

MEM. P&A SUPP. PLS.' RENEWED MOT. DEFAULT J.
*Heidarpour v. Empire Capital Funding Grp., Inc.*, Case No. 4:18-cv-00250-YGR

### C.  The Relief Sought Is Documented in Detail and Appropriate Under the Circumstances

#### i.    Damages

The damages sought in this cases are specified by statute, documented in detail, and warranted by the facts and circumstances of the case.

Plaintiffs felt bombarded by these calls. Compl. ¶ 1. Mr. Heidarpour was surprised and frustrated to be interrupted by a prerecorded solicitation to a phone number that had long been on the National Do No Call Registry. *Id.* ¶ 39; Suppl. Heidarpour Decl. ¶ 7. Mr. Heidarpour's private life and business affairs were interrupted by Defendant's robocalls dozens of times. Compl. ¶ 64; Heidarpour Decl. ¶ 4. Defendant's conduct distracted Plaintiffs from serving their customers: California consumers. Compl. ¶ 64. The calls were an unfair nuisance and harassment. *Id.*

On a motion for default judgment in a TCPA case, a plaintiff's "burden to prove up the amount of damages is minimal because the TCPA provides for the award of statutory damages." *Auth. Tax Servs.*, 2015 U.S. Dist. LEXIS 87400, at *8. This conclusion is unchanged by the number of calls for which damages are sought. *Id.* at *9 (what matters is whether the prima facie elements are pleaded for each violation, not the number of violations). Still, "[t]reble damages are not awarded [as a matter] of course," Dkt. No. 25 at 2, and are within the Court's broad discretion.

Intent to violate the statute is not required for treble damages. *Roylance v. ALG Real Estate Servs.*, No. 5:14-cv-02445-PSG, 2015 U.S. Dist. LEXIS 44930, at *31-34 (N.D. Cal. Mar. 16, 2015); *see also Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768, 776 (11th Cir. 2011) (malice and wantonness not required). So long as the defendant knows the facts underlying the offense, it can be held liable for treble damages—ignorance of the law is no excuse. *Charvat v. Ryan*, 879 N.E.2d 765, 767 (Ohio 2007). That is so even when the defendant made just one illegal call and made a good-faith attempt to comply with the law. *Id.* at 768. "The TCPA is neither a criminal nor a highly technical statute and thus ignorance of the law is no defense." *Id.*

- 15 -

MEM. P&A SUPP. PLS.' RENEWED MOT. DEFAULT J.
*Heidarpour v. Empire Capital Funding Grp., Inc.*, Case No. 4:18-cv-00250-YGR

at 770. Similarly, the FCC, the agency vested by Congress with authority to interpret the TCPA, has ruled that, to be found willful, the "violator need not know that his action or inaction constitutes a violation; ignorance of the law is not a defense or mitigating circumstance." *In re: Dynasty Mortgage L.L.C.*, 22 FCC Rcd. 9453, 9470 ¶ 45 n.86 (2007).

The Court has observed:

> In *Ebert v. National Brokers of America, Inc.*, the district court
> awarded enhanced damages depending on whether the plaintiff had
> requested that the defendant stop calling her. No. 2:17-cv-1983-
> KJM-EFB, 2018 WL 2440679, at *3 (E.D. Cal. May 31, 2018).
> The district court awarded $500 each for thirteen violations that
> occurred prior to the plaintiff's first request that the defendant stop
> calling her. *Id.* The district court then awarded $1,000 each for five
> violations that occurred during the time the plaintiff made her
> second and third demands to stop calling. Finally, the district court
> awarded $1,500 each for forty-four calls that occurred after the
> plaintiff had made three demands to stop calling her. *Id.*

Dkt. No. 19 at 10. Plaintiffs request damages calculated similarly, and conservatively. In particular, on this motion, Abante requests $500 per violation, and Mr. Heidarpour requests: $500 per violation before the second documented DNC request; $1,000 per violation between the second and third documented DNC request; and $1,500 per violation after three or more DNC requests. The record reveals do-not-call requests on November 18, 2015, November 29, 2015 and October 15, 2016. Suppl. Heidarpour Decl. ¶¶ 9-11 & Exs. 3-5. Plaintiffs therefore request:

| | Mr. Heidarpour | Abante |
|---|---|---|

- 16 -

| | Mr. Heidarpour | Abante |
|---|---|---|
| 47 U.S.C. § 227(b) | $45,000 ($500 for each of the 11/11/15 and 11/18/15 calls to (480) 595-XXXX; $1,000 for each of the 29 subsequent automated calls to (480) 595-XXXX before 10/15/16; $1,500 for each of the subsequent 10 automated calls to (480) 595-XXXX) | $1,000 ($500 for 2/22/17 call to (209) 383-XXXX, $500 for 2/23/17 call to (925) 253-XXXX) |
| 47 U.S.C. § 227(c) | $45,000 ($500 for each of the 11/11/15 and 11/18/15 calls to (480) 595-XXXX; $1,000 for each of the 29 subsequent automated calls to (480) 595-XXXX before 10/15/16; $1,500 for each of the subsequent 10 automated calls to (480) 595-XXXX) | |
| **Total** | **$90,000** | **$1,000** |

For no call do both Mr. Heidarpour and Abante make a claim (even when the call was to an Abante number that Mr. Heidarpour answers on Abante's behalf). For no call does either Plaintiff claim multiple 47 U.S.C. § 227(b) or multiple 47 U.S.C. § 227(c) violations. For calls that violated both § 227(b) and § 227(c), both violations are claimed, in accordance with the statutory language and case law. *Charvat v. NMP, LLC*, 656 F.3d 440, 447-49 (6th Cir. 2011); *Drew*, 2016 U.S. Dist. LEXIS 52385, at *32-34; *Roylance*, 2015 U.S. Dist. LEXIS 44930, at *28; Dkt. No. 19 at 9-10.

Treble damages are required to deter Empire Capital from continuing to violate the TCPA. This case is not the first time it has been sued for TCPA violations. In another TCPA suit, it similarly failed to defend, resulting in the entry of default against it. *Ewing v. Empire Capital Funding Grp., Inc.*, Case 3:17-cv-02507-LAB-MDD (S.D. Cal. Apr. 16, 2018), ECF No. 70. Empire Capital and the phone numbers from which it called Plaintiffs are the subject of dozens of online complaints about unsolicited telemarketing. *E.g.*, *Empire Capital Funding Group Inc.*, Better Business Bureau, https://www.bbb.org/new-york-city/business-reviews/small-business-

- 17 -

loans/empire-capital-funding-group-inc-in-new-york-ny-158278/reviews-and-

complaints?section=complaints (last visited July 19, 2018); *347-642-7005*, 800notes,

https://800notes.com/Phone.aspx/1-347-642-7005 (last visited July 19, 2018) (complaints about

calls from "Empire" and "Empire Capital" from one of the same caller IDs in this case); *347-*

*342-0307*, 800notes, https://800notes.com/Phone.aspx/1-347-342-0307/11 (last visited July 19,

2018) (complaint about "Empire Merchant Group" from one of the same caller IDs in this case);

*646-781-3678*, 800notes, https://800notes.com/Phone.aspx/1-646-781-3678 (last visited July 19,

2018) (complaints about business loan scams from one of the same caller IDs in this case);

*Number 3476427005 Reports*, Find Who Calls You,

https://findwhocallsyou.com/3476427005?CallerInfo (last visited July 19, 2018). The lawsuits

and complaints against it are the tip of the iceberg. While it is far from certain that treble

damages in this case will succeed in deterring Defendant from further violations of the statute,

the record reveals that anything less will not.

> Finally, Plaintiffs' past efforts to stop other illegal telemarketers do not reduce
Defendant's liability. *See* 47 U.S.C. § 227(b)(3), (c)(5); *Murray v. GMAC Mortgage Corp.*, 434
F.3d 948, 954 (7th Cir. 2006) (noting the absence of any "decision supporting the proposition
that someone whose rights have been violated by 50 different persons may sue only a subset of
the offenders"); *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876,
881 (8th Cir. 2005); *Cunningham v. Rapid Response Monitoring Servs.*, 251 F. Supp. 3d 1187,
1195 (M.D. Tenn. 2017) ("Nothing in the Constitution, though, requires a plaintiff to be a naïf.
Litigation is not college athletics: there is no 'amateurs only' rule."); *id.* at 1197 ("The TCPA
does not merely contemplate self-interested plaintiffs—it encourages them."); *Mey v. Venture
Data, LLC*, 245 F. Supp. 3d 771, 783 (N.D.W. Va. 2017) (Documenting many TCPA violations
"does not deprive the plaintiff of standing any more than the purchase of a burglar alarm would
indicate that the homeowner wanted her house to be broken into."); *Abramson v. CWS Apartment
Homes, LLC*, No. 16-426, 2016 U.S. Dist. LEXIS 146627, at *4, 7 (W.D. Pa. Oct. 24, 2016)
(The plaintiff's decision to enforce his rights under the TCPA in at least 16 prior cases does not

- 18 -

MEM. P&A SUPP. PLS.' RENEWED MOT. DEFAULT J.
*Heidarpour v. Empire Capital Funding Grp., Inc.*, Case No. 4:18-cv-00250-YGR

negate his injury.); *Jones v. Revenue Assistance Corp.*, No. 14-10218-GAO, 2016 U.S. Dist. LEXIS 136993, at *16-17 (D. Mass. Aug. 31, 2016) (Even if the sole source of one's income for several years were recoveries from TCPA suits, one would not lose one's standing to vindicate one's rights.); *Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 U.S. Dist. LEXIS 157579, at *9 (N.D. Ill. June 13, 2011). As a court observed regarding a repeat TCPA plaintiff:

> The determinative issue, then, is not Cunningham's motivations, but whether he was injured. An ordinary consumer who pled the facts that Cunningham has pled would have established a concrete and particularized injury-in-fact based on the Defendants' intrusion upon his rights to privacy and seclusion. Defendants suggest that, by becoming a so-called "professional plaintiff," he has forfeited those rights because the calls alleged were not truly unwanted. Insofar as *Stoops* endorses such a result, this Court disagrees. It may be that Cunningham was not saddened or annoyed by the calls he received; it may even be that, knowing his rights under the TCPA, he is glad the calls were placed. But allowing that fact, even if true, to negate his right to privacy and seclusion would require the Court to embrace a line of reasoning that would ultimately undermine the rights of most, if not all, TCPA plaintiffs and plaintiffs in similar statutory schemes.

*Cunningham*, 251 F. Supp. 3d at 1196 (citation omitted).

### ii.   Attorney's Fees

Plaintiff has prayed for attorney's fees, Compl. ¶ G, and pleaded facts warranting an award of them, *e.g.*, *id.* ¶¶ 62-65; *O'Connor*, 2016 U.S. Dist. LEXIS 153705, at *16 (plaintiff who prevails in federal court on a unfair competition claim may be awarded attorneys' fees under California Code of Civil Procedure section 1021.5). In the event that the case is resolved at default judgment, however, Plaintiff does not seek an award of fees.

- 19 -

**iii.** **Costs**

Plaintiffs seek reimbursement of costs totaling $475, representing the $400 filing fee and $75 for service of process. *See* Decl. Jon B. Fougner Supp. Pls.' Mot. Default J. Ct. ¶ 8, Dkt. No. 16-2 at 2; 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d); N.D. Cal. Civ. L.R. 54-3; Dkt. No. 19 at 11-12.

## IV.   <u>CONCLUSION</u>

Defendant decided to make telemarketing robocalls to Plaintiffs (to numbers listed on the National Do Not Call Registry, no less) without their consent. Defendant decided to keep calling after having been repeatedly asked to stop. Defendant decided not to defend this lawsuit. Accordingly, entry of default judgment against Defendant is appropriate. Plaintiff Fred Heidarpour respectfully requests an award of $90,000. Plaintiff Abante and Plumbing Inc respectfully requests an award of $1,000. Both Plaintiffs respectfully request costs of $475. As required by Federal Rule of Civil Procedure 54(c), those amounts do not differ in kind from, or exceed in amount, what is demanded in the pleadings. Compl. ¶¶ D, E, G.

RESPECTFULLY SUBMITTED AND DATED this 2nd day of August, 2018.


By:   <u>/s/ Jon B. Fougner</u>
          Jon B. Fougner
          *Attorney for the Plaintiffs*